```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGINALD DENNIS,                  )
RENEE DENNIS and                  )
B.D., a minor,                    )
                                  )
           Plaintiffs             )
                                  ) Civil Action
      vs.                         ) No. 10-cv-06789
                                  )
                                  )
ALLAN R. DEJONG, M.D.;            )
NEMOURS FOUNDATION;               )
MARY GERMOND;                     )
META WERTZ;                       )
BETH PRODOEHL;                    )
PATRICIA MCGETTIGAN;              )
GINA GIANCRISTIFORO;              )
EDWARD SPEEDLING;                 )
CINDY W. CHRISTIAN, M.D.;         )
PENNSYLVANIA STATE UNIVERSITY     )
  HERSHEY MEDICAL SCHOOL;         )
DANIELL B. BOAL, M.D.;            )
KATHLEEN D. EGGLI, M.D.;          )
G. MICHAEL GREEN;                 )
MICHAEL R. GALANTINO;             )
DR. DOE and                       )
COUNTY OF DELAWARE,               )
                                  )
           Defendants             )
```

O R D E R

NOW, this 30th day of September, 2011, upon consideration of the following documents:

> (1) Motion of Defendants, County of Delaware on Behalf of its Council, Mary Germond, Meta Wertz, Beth Prodochl, Patricia McGettigan and Gina Giancristiforo to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, Alternatively, to Strike the Pleading under Fed.R.C.P. 12(f), which motion was filed by defendants on January 7, 2011 (Document 24); together with a memorandum of law in support filed on January 7, 2011 (Document 24);

    Answer to Defendants, County of Delaware on Behalf of its Council, Mary Germond, Meta Wertz, Beth Prodoehl, Patricia McGettigan and Gina Giancristiforo Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) or, Alternatively, to Strike the Pleading Under Fed.R.C.P. 12(f), which answer was filed by plaintiffs on January 20, 2011 (Document 30); together with a memorandum of law in opposition filed January 20, 2011 (Document 30);

(2) Defendants', G. Michael Green and Michael R. Galantino Motion to Dismiss, which motion was filed on January 13, 2011 (Document 26); together with a memorandum of law in support filed January 13, 2011 (Document 26);

    Memorandum of Law in Opposition to Motion of Defendants G. Michael Green and Michael R. Galantino Under Rule 12(b)(6) to Dismiss and Rule 8 to Strike, which memorandum was filed by plaintiffs on January 27, 2011 (Document 32);

(3) Motion of Defendants Penn State Hershey Medical School, Danielle K. Boal, M.D., and Kathleen D. Eggli, M.D., to Dismiss, which motion was filed on January 18, 2011 (Document 28); together with a memorandum of law in support filed January 18, 2011 (Document 28);

    Answer to Defendants, Penn State Hershey Medical School, Danielle K. Boal, M.D. and Kathleen Eggli, M.D.'s Motion to Dismiss, which answer was filed by plaintiffs on February 7, 2011 (Document 37); together with a memorandum of law in opposition filed February 7, 2011 (Document 37);

  (4) Motion of Defendants, Allan R. DeJong, M.D., The Nemours Foundation and Edward Speedling, to Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), or Alternatively, to Strike the Complaint Pursuant to Rule 8(a)(2) with Supporting Memorandum, which motion and memorandum was filed on January 19, 2011 (Document 29);

    Memorandum of Law in Opposition to Motion of Defendants, Allan R. DeJong, Edward Speedling and Nemours Foundation to Dismiss Plaintiffs' Complaint Pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), or Alternatively, to Strike the Complaint Pursuant to Rule 8(a)(2), which memorandum was filed by plaintiffs on February 1, 2011 (Document 34);

  (5) Defendant Cindy W. Christian M.D.'s Motion to Dismiss the Complaint, which motion was filed on January 28, 2011 (Document 33); together with a memorandum of law in support filed January 28, 2011 (Document 33);

    Plaintiffs' Memorandum of Law in Opposition to Motion of Defendant, Cindy W. Christian to Dismiss Plaintiffs' Complaint, which memorandum was filed on February 16, 2011 (Document 39);

upon consideration of the pleadings, exhibits, and record papers; after oral argument held June 17, 2011; and for the reasons articulated in the accompanying Opinion,

  <u>IT IS ORDERED</u> that the Motion of Defendants, County of Delaware on Behalf of its Council, Mary Germond, Meta Wertz, Beth Prodochl, Patricia McGettigan and Gina Giancristiforo to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure

12(b)(6) or, Alternatively, to Strike the Pleading under Fed.R.C.P. 12(f) is granted in part and denied in part.

IT IS FURTHER ORDERED that the remaining defendants' motions to dismiss are granted.[1]

IT IS FURTHER ORDERED that plaintiffs' claims in the following counts are dismissed with prejudice:

> Count I: plaintiffs' Fourth and Fifth Amendments claims against defendant County of Delaware ("Delaware County") in their entirety;
>
> Count II: plaintiffs' Fourteenth Amendment claims regarding the representations in the ex parte memorandum made by defendants Patricia McGettigan, Meta Wertz, and Gina Giancristiforo, and plaintiffs' Fourth and Fifth Amendments claims against those defendants in their entirety;
>
> Count IV: plaintiffs' Fourteenth Amendment substantive due process claim against defendants McGettigan and Delaware County, and Fourth and Fifth Amendments claims against those defendants in their entirety;
>
> Count V: plaintiffs' Fourth and Fifth Amendments claims against Delaware County in their entirety;
>
> Count VI: plaintiffs' Fourteenth Amendment substantive due process claim against defendant Delaware County District Attorney G. Michael Green ("District Attorney Green") for District Attorney Green's reliance on defendant Allen R. DeJong, M.D.'s ("Dr. DeJong") investigations, reports and testimony;

---

[1] Defendants Delaware County District Attorney G. Michael Green, Deputy District Attorney Michael R. Galantino, Allan R. DeJong, M.D., the Nemours Foundation, and Edward Speedling, in addition to their motions to dismiss, bring motions to strike the Complaint pursuant to Federal Rule of Civil Procedure 8(a)(2).  I deny these defendants' motions to strike the Complaint, together with the motion to strike the Complaint filed on behalf of defendants Meta Wertz, Patricia McGettigan, Beth Prodoehl, Gina Giancristiforo, Mary Germond, and the County of Delaware.

Count IX: plaintiffs' Fourteenth Amendment procedural due process claim against District Attorney Green and Delaware County Deputy District Attorney Michael R. Galantino ("Deputy District Attorney Galantino") for adopting the medical presumption that a subdural hematoma ("SDH") is caused by abuse as a legal presumption in criminal cases;

Count X: plaintiffs' Fourteenth Amendment substantive and procedural due process claims against defendants Mary Germond, Wertz, McGettigan, and Giancristiforo for failing to properly train Delaware County Children and Youth Services ("CYS") workers, supervisors and administrators about dependency proceedings, and plaintiffs' Fourth and Fifth Amendments claims against defendants Germond, Wertz, McGettigan, Giancristiforo, and Delaware County in their entirety;

Count XI: plaintiffs' claims pursuant to 42 U.S.C. § 1983 against defendants Dr. DeJong, Cindy W. Christian, M.D. ("Dr. Christian"), Danielle K. Boal, M.D. ("Dr. Boal"), and Deputy District Attorney Galantino for conspiring to misrepresent medical evidence concerning the age of B.D.'s subdural hematoma to deprive Mr. Dennis of his equal protection and due process rights in their entirety;

Count XII: plaintiffs' Fourth, Fifth, and Fourteenth Amendments claims against defendants District Attorney Green and Deputy District Attorney Galantino in their entirety;

Count XIII: plaintiffs' Fourth, Fifth, Sixth, and Fourteenth Amendment claims against defendants Kathleen D. Eggli, M.D. ("Dr. Eggli") and Nemours Foundation in their entirety;

Count XIV: plaintiffs' Pennsylvania state-law negligence claim against defendant Nemours Foundation in its entirety;

>       Count XVI: plaintiffs' Pennsylvania state-law claim against defendants Germond, Wertz, McGettigan, and Giancristiforo for malicious prosecution in its entirety;
>
>       Count XVII: plaintiffs' Pennsylvania state-law claim against defendant Deputy District Attorney Galantino for malicious prosecution in its entirety;
>
>       Count XVIII: plaintiffs' Pennsylvania state-law claim against defendants Dr. DeJong, Wertz, McGettigan, and Edward Speedling for civil conspiracy in its entirety; and
>
>       Count XIX: plaintiffs' Pennsylvania state-law claim against defendants Wertz, McGettigan, and Speedling for intentional infliction of emotional distress.

<u>IT IS FURTHER ORDERED</u> that plaintiffs' claims contained in the following counts of plaintiffs' Complaint are dismissed without prejudice for plaintiffs to file a more specific amended complaint, consistent with the accompanying Opinion, on or before November 1, 2011:

>       Count I: plaintiffs' Fourteenth Amendment substantive and procedural due process claims against defendant Delaware County for deputizing an employee of Delaware County Children and Youth Services to act as a deputy clerk of court for all dependency matters in place of the county's Office of Judicial Support;
>
>       Count II: plaintiffs' Fourteenth Amendment substantive and procedural due process claims against CYS employees, defendants Wertz, McGettigan, and Giancristiforo, for an alleged delay in filing an ex parte memorandum with the court concerning termination of plaintiff parents' parental rights;

Count IV: plaintiffs' Fourteenth Amendment procedural due process claim against defendant Delaware County for the alleged policy of delaying the scheduling of dependency hearings;

Count VI: plaintiffs' Fourteenth Amendment substantive due process claim against defendant Delaware County for CYS's reliance on defendant Dr. DeJong's investigations, reports and testimony;

Count VII: plaintiffs' Fourteenth Amendment substantive due process claim against defendant Dr. DeJong for multiple misrepresentations of medical findings to support false accusations of child abuse and related actions;

Count VIII: plaintiffs' claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985 against defendants Dr. DeJong, Wertz, McGettigan and Speedling for conspiring to deprive plaintiffs of their equal protection and due process rights based on gender bias and racial animus in their entirety;

Count IX: plaintiffs' Fourteenth Amendment procedural due process claim against defendants Dr. DeJong, Germond, Wertz, McGettigan, Giancristiforo, and Delaware County for adopting the medical presumption that a subdural hematoma ("SDH") is caused by abuse as a legal presumption in dependency and criminal cases;

Count X: plaintiffs' Fourteenth Amendment substantive and procedural due process claims against defendant Delaware County for failing to properly train CYS workers, supervisors and administrators about dependency proceedings;

Count XI: plaintiffs' claims pursuant to 42 U.S.C. §§ 1981 and 1985 against defendants Dr. DeJong, Dr. Christian, Dr. Boal and Deputy District Attorney Galantino for conspiring to misrepresent medical evidence concerning the age of B.D.'s subdural hematoma to deprive Mr. Dennis of his equal protection and due process rights;

>> Count XV: plaintiffs' Pennsylvania state-law negligence claim against defendant Dr. Doe in its entirety; and
>
> Count XIX: plaintiffs' Pennsylvania state-law claim against defendant Dr. DeJong for intentional infliction of emotional distress.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiffs' claims for injunctive relief in Counts II-IV, VI, VII, IX, X, XII and XIII are granted.

IT IS FURTHER ORDERED that plaintiffs' claims for injunctive relief in Counts II-IV, VI, VII, IX, X, XII and XIII are dismissed from plaintiffs' Complaint with prejudice.

IT IS FURTHER ORDERED that defendants' motions to strike plaintiffs' Complaint are denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss on the ground of abstention for lack of subject matter jurisdiction is denied.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiffs' Fourteenth Amendment claims against Delaware County in Counts II, III and V of plaintiffs' Complaint, against defendant Germond in Count III, and against defendant McGettigan in Count IV, are each denied.

IT IS FURTHER ORDERED that in the event that plaintiffs do not file an amended complaint on or before November 1, 2011,

this matter may be dismissed for lack of prosecution.[2]

                                                BY THE COURT:


                                                /s/ James Knoll Gardner
                                                James Knoll Gardner
                                                United States District Judge

---

[2] As a result of the forgoing rulings, the following claims remain in plaintiffs' Complaint and may be included in the amended complaint authorized by the within Order and Opinion without change:

        Count II: plaintiffs' Fourteenth Amendment substantive and procedural due process claims against defendant Delaware County;

        Count III: plaintiffs' Fourteenth Amendment procedural due process claim against defendants Germond and Delaware County;

        Count IV: plaintiffs' Fourteenth Amendment procedural due process claim against defendant McGettigan; and

        Count V: plaintiffs' Fourteenth Amendment substantive due process claim against defendant Delaware County.